**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JUAN KAMILO RODRIGUEZ VELANDIA, *Petitioner* | § | Case No. SA-26-CV-03785-XR |
| v. | § | |
| MIGUEL VERGARA, IN HIS OFFICIAL CAPACITY AS FIELD OFFICE DIRECTOR FOR THE SAN ANTONIO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; WARDEN OF SOUTH TEXAS ICE PROCESSING CENTER, IN HIS/HER OFFICIAL CAPACITY AS THE WARDEN OF THE SOUTH TEXAS ICE PROCESSING CENTER; DAVID J. VENTURELLA, IN HIS OFFICIAL CAPACITY AS SENIOR DIRECTOR FOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; AND TODD BLANCHE, IN HIS OFFICIAL CAPACITY AS ACTING ATTORNEY GENERAL OF THE UNITED STATES; *Respondents* | § | |

**DISMISSAL ORDER**

On this date, the Court considered Petitioner's Motion for Voluntary Dismissal (ECF No. 7). After careful consideration, the motion is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE.**

Petitioner brought this habeas petition to challenge his detention pending the outcome of his removal proceedings. ECF No. 1. An immigration judge has since ordered Petitioner removed, and petitioner has accepted voluntary departure. ECF No. 7. Based on these changed

circumstances, Petitioner asks that this case be dismissed without prejudice. *Id.*

Rule 41(a)(2) states that "[e]xcept as provided in Rule 41(a)(1)"—which is not relevant here—"an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(2) is designed to protect non-movants from prejudice occasioned by unconditional dismissals. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 316 (5th Cir. 2002). Therefore, "faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Id.* at 317. "If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options: it can deny the motion outright or it can craft conditions that will cure the prejudice." *Id.* at 317–18.

The fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of "plain legal prejudice" and denial of a Rule 41(a)(2) motion to dismiss. *Id.* at 317 n.3. However, when the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal, at least where the movant has suffered an adverse legal decision prior to moving for voluntary dismissal. *Id.* (citing *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)); *see also Robles v. Atlantic Sounding Co.*, 77 F. App'x 274 (5th Cir. 2003). In the alternative, Rule 41(a)(2) gives the district court "discretion to create and attach conditions to the grant of a plaintiff's motion to dismiss without prejudice." *Conley v. Aetna Life Ins. Co.*, No. 99-10149, 2000 WL 554056, *3 (5th Cir. April 11, 2000). "Evidence of expense incurred can of course support a discretionary award of attorney's fees and costs." *Elbaor*, 279 F.3d at 317 n.3 (citing *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 129

(5th Cir. 1978)).

Dismissal without prejudice will not cause Respondents any legal prejudice. Nothing has happened in this case except the exchange of some briefing, and that briefing is on issues that are likely no longer relevant in light of the changed circumstances underlying this motion.

Petitioner's Motion to Voluntarily Dismiss (ECF No. 7) is therefore **GRANTED.** This case is **DISMISSED WITHOUT PREJUDICE.**

The Clerk is **DIRECTED** to close this case.

It is so **ORDERED**.

**SIGNED** this 4th day of September, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE